In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-4057

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY J. MINNEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:15-cr-00063 — **Larry J. McKinney**, *Judge.*

ARGUED MAY 16, 2017 — DECIDED JUNE 13, 2017

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Officers executed a search warrant at Anthony Minney's apartment. The search warrant listed the items to be seized: a Panasonic television, a Sony television, a Nintendo Wii, an Xbox 360, and 10 Xbox video games. While searching Minney's bedroom, Detective William Vasquez found ammunition in the bedside table. When the officers questioned Minney, he admitted that he was on

parole for dealing cocaine. Officers then arrested Minney for being a felon in possession of ammunition.

As the search for the electronic devices resumed, Detective Vazquez found multiple guns in Minney's bedroom: one in the same drawer as the ammunition, one under the mattress, and two on a shelf in the closet. Officers recovered most of the electronics, except for one television and the laptop. Minney produced the laptop upon request, but officers never found the second television.

The government charged Minney with three counts of being a felon in possession of a gun. When the district court denied his motion to suppress the guns, Minney pled guilty to one count in return for the government dismissing the other two counts. Minney reserved his right to appeal the district court's suppression ruling. On appeal, Minney argues that the guns should be suppressed because the officers exceeded the scope of the search warrant. We disagree.

When executing a search warrant that specifically lists the items to be seized, officers are entitled to search anywhere those items are likely to be discovered. *United States v. Mann*, 592 F.3d 779, 782–83 (7th Cir. 2010). Officers may seize the items named in the search warrant and any evidence that falls under the plain-view doctrine. *Russell v. Harms*, 397 F.3d 458, 465 (7th Cir. 2005). The plain-view doctrine applies if the officer is lawfully present, the item is in plain view, and the item is immediately incriminating. *Id.*

The plain-view doctrine controls here. Detective Vazquez was lawfully searching Minney's bedroom under the search warrant, and the electronic devices could have reasonably been found in any of the places where Detective Vazquez

found Minney's guns; the guns were in plain view when Detective Vazquez searched in those places; and the guns were immediately incriminating because Minney admitted that he was out on parole for dealing cocaine, a felony.

Minney's only argument to the contrary is that the officers found the electronic devices listed in the search warrant immediately and then continued searching for other incriminating evidence. Of course, it would be unreasonable under the Fourth Amendment for officers to find everything listed in a search warrant and then to keep searching. But that did not happen here. The officers *never* found the second television. So while Minney's legal argument is correct, it does not apply here.

For those reasons, the district court's denial of Minney's motion to suppress is AFFIRMED.